UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS J. COLBERT,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>Defendants. | Civil Action No. 16-1790 (DLF) |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated June 9, 2026, Plaintiff, Thomas J. Colbert and the Defendant, Federal Bureau of Investigation ("FBI"), provide the following status report on the FBI's progress in responding to Plaintiff's Freedom of Information Act ("FOIA") request.

1. Since the last status report filed on June 9, 2026, the FBI made its 110th interim release to Plaintiff on June 30, 2026, reflecting 500 pages reviewed and 391 pages released in full or in part, its 111th interim release to Plaintiff on July 31, 2026, reflecting 500 pages reviewed and 424 pages released in full or in part, and its 112th interim release to Plaintiff on August 31, 2026, reflecting 509 pages reviewed and 309 pages released in full or in part.

2. To date, the FBI has made 112 interim releases to Plaintiff. Collectively, these interim releases represent a total of 55,988 pages reviewed with 43,274 pages released to Plaintiff in whole or in part,[1] 3,720 pages were withheld in full pursuant to applicable FOIA

[1] Of the 43,274 pages released in whole or in part, 1,339 pages relate to records previously sent to OGAs.

Exemptions,[2] 7,217 pages were withheld as duplicates,[3] and 4,590 pages were referred to OGAs for consultation. In addition to providing monthly releases to Plaintiff, the FBI continues to make these records available to the public via its FOIA Library ("The Vault") at http://vault.fbi.gov.

3. The FBI estimates approximately 12,852 pages of records and media remain to be reviewed and processed for Plaintiff's request.

4. The FBI will continue to process the records responsive to Plaintiff's request, until such time as all responsive records have been processed and all segregable non-exempt portions thereof have been released to Plaintiff. The FBI's next release to Plaintiff is currently anticipated to occur on or about September 30, 2026.

5. As to Plaintiff's position below, the FBI states as follows. This Court already addressed the applicable processing rate for this request in a memorandum opinion and order issued September 3, 2018 (ECF No. 37). In that decision, the Court rejected Plaintiff's request for a processing rate in excess of the 500-page rate being utilized by the FBI. *Id*. at 4-5. Since that time, the FBI has continued to process over 80% of Plaintiff's request for records at the 500-page processing rate established by that order and, in numerous status reports filed since then, Plaintiff has not expressed dissatisfaction with that rate. Plaintiff's change of position below was first communicated to the Defendant on September 9, 2026, the date of this filing. Plaintiff has established no basis for the Court to change the processing rate at this time—let alone for an order directing the FBI to "finish processing everything within the next six months"—nor has

---

[2] Of the 3,720 pages withheld in full pursuant to applicable FOIA exemptions, 108 pages relate to records previously sent to OGAs.

[3] Of the 7,217 pages withheld in full as duplicates, 1,424 pages relate to records previously sent to OGAs.

Plaintiff identified any public interest in the requested information that would warrant any acceleration of the processing rate. Indeed, if anything, any asserted public interest in this request is less than it was when the Court's September 3, 2018 order issued, while the demands on the FBI's FOIA processing unit have only increased. It is not appropriate, in any event, for Plaintiff to seek what is in effect reconsideration of the Court's September 3, 2018 order through a status report. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.") Should Plaintiff request reconsideration of that order, Plaintiff should do so through a motion that addresses the applicable standard under Rule 54(b) and to which Defendant would have a full opportunity to provide a response. While the Defendant recognizes that this production schedule requires a significant amount of time, that time frame is a result of the nature of the Plaintiff's broad request. The FBI would welcome any efforts to narrow the scope of the request and to reduce the volume of records that need to be processed, and the resulting time that would be needed to process those records. If, however, the Plaintiff wants the FBI to process all responsive records identified, which consists of a voluminous amount of material, the Plaintiff must also recognize that it will take time to process that material. The Defendant cannot prioritize Plaintiff's request simply because Plaintiff wants the records faster than other FOIA requesters who have also submitted requests. *See, e.g., Middle E. Forum v. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185 (D.D.C. 2018) (courts in D.C. Circuit have considered the effect of other FOIA requests when analyzing the burden on an agency of meeting deadlines for review and production of FOIA material). As previously stated, the FBI has been processing these records at a standard interim release policy (IRP) of 500 pages per month, and proposes that it continue to do so to allow the FBI to process all FOIA requests efficiently and fairly.

6. Operationally, the FBI has one of the largest and most complex FOIPA programs in

the federal government, reviewing approximately one million pages annually for dissemination to the public. Despite this review statistic, the FBI's FOIPA program cannot keep pace with the increasing public demand for FBI records accompanied by more FOIPA litigations for these records. Moreover, on October 20, 2023, the Deputy Attorney General sent a memorandum to several DOJ components, including the FBI, requiring each component to reduce its FOIA backlog to September 2018 levels no later than December 15, 2025. Given this mandate, and the continued growth in the volume and complexity of FOIPA requests and litigations received by the FBI over the last six years, the FBI reevaluated its business practices, to include its long-standing processing rate of 500 pages per month with the program goal of reducing the size of its FOIA backlog while maximizing the release of information to the most requesters. On July 1, 2024, the FBI revised its IRP from 500 to 250-page increments per month per request--including requests in litigation--to equitably distribute its limited resources to as many requesters as possible. As noted above, the FBI is not proposing to reduce the processing rate to 250 pages per month in this case but notes this change to further demonstrate that it would be infeasible to increase the 500 page processing rate utilized in this case as Plaintiff now requests.

7. All of the above factors together underpin the FBI's standard rate of processing, which is designed to equitably provide the most information possible to the largest number of requesters. Altering the IRP to provide more information to requesters who litigate at a higher rate than those requesters waiting in FIFO order within the administrative queues creates a program imbalance. In this instance, if the processing rate were increased to exceed more than 500 pages per month, it would result in Plaintiff consuming a larger share of the FBI's finite time and FOIPA resources, shifting them away from other requesters, including many requests not in litigation that predate Plaintiff's request. The same Government Information Specialists

processing records to comply with the high-volume of litigation production mandates are the same personnel working on administrative FOIPA requests, consults/referrals, and appeals. Thus, increasing the production rate for Plaintiff's request will result in a less equitable distribution of the FBI's finite processing resources relative to all other requesters. Simply put, departing from the FBI's IRP to produce more records for Plaintiff will extend the response times for all other smaller requesters and result in fewer requesters receiving records each month. Thus, without a compelling need to provide the records in an expedited fashion, as defined by 5 U.S.C. §§ 522(6)(E)(v)(I) and (II), such treatment of Plaintiff's request is unwarranted. In the interim, Defendant proposes that the parties continue to file status reports every 90 days as they have done for the past several years.

**Plaintiff's Position**

8. Yesterday marked the 10th anniversary of the filing of this FOIA lawsuit. Dkt. 1 (filed September 8, 2016). Progress, as described above by the FBI, can be said to have been made but only because of the sheer passage of time. The primary suspect identified by the Plaintiff as having been "D.B. Cooper", Robert Rackstraw, *id*. at ¶8, died during the course of this litigation. Dkt. 41 (filed July 10, 2019). No substantive challenges have occurred. Indeed, processing still remains incomplete. Back in 2017, it was predicted that processing would take at least twelve years. Dkt. 29 at ¶7 (filed June 30, 2017). At the current pace, which was set a decade ago and has not been reviewed for years, there is still likely three or more years remaining before anything else can happen.

9. For the past five years, the Plaintiff has simply let the process play out and displayed patience. Every three months a new Joint Status Report would be filed, and nothing more. Respectfully, after a decade of waiting the Plaintiff suggests it is time for the FBI to step

up its game and finish processing everything within the next six months, which would still be a reasonable and minimally burdensome task. Additionally, the FBI should be required to report in detail within the next thirty days on the status of the more than four thousand pages of responsive records that have been sent to OGAs for consultations. Which agencies have received records and what is the timeline for their responses?

10. "Telling the requester 'You'll get the documents 15, or eight, years from now' amounts as a practical matter in most cases to saying 'regardless of whether you are entitled to the documents, we will not give them to you.'" *Fiduccia v. DOJ*, 185 F.3d 1035, 1041 (9th Cir. 1999). *See also ACLU Found. of S. Cal. v. U.S. Immigr. & Customs Enf't*, 705 F. Supp. 3d 1077, 1092 (C.D. Cal. 2023)(ordering ICE to process 3,000 pages per month); *Open Soc'y Just. Initiative v. Cent. Intel. Agency*, 399 F. Supp. 3d 161, 162, 167 (S.D.N.Y. 2019)(ordering Department of State and Department of Defense to process 5,000 pages per month); *Seavey v. Dep't of Just.*, 266 F. Supp. 3d 241, 247-48 (D.D.C. 2017)(ordering FBI to process 2,850 pages per month); *Clemente v. FBI*, 71 F. Supp. 3d 262, 264-65 (D.D.C. 2014)(ordering FBI to process 5,000 pages per month); *Nat. Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 42-44 (D.D.C. 2002)(ordering production of 7,500 pages within two months); *Trentadue v. FBI*, 2025 U.S. Dist. LEXIS 57956, *17 (March 27, 2025)(rejecting FBI's 500 page monthly processing rate); *L.A. Times Commc'ns LLC v. U.S. Dep't of Homeland Sec.*, No. 20-cv-10911, 2022 U.S. Dist. LEXIS 239554, 2022 WL 18932816, at *3 (C.D. Cal., 2022)(denying reconsideration of 3,000 page per month processing rate).

11. In response to the FBI's statement that the Plaintiff should file a Motion to address the monthly processing rate. That certainly can be done if the Court prefers, but the issue of determining the processing rate of the Government's monthly releases has historically, in

Plaintiff's counsels experience, been determined through Joint Status Reports or discussion during a Status Conference. The Plaintiff is more than willing to appear before the Court for a Status Conference (virtually or in-person) to discuss this specific issue.

12. The FBI proposes that the parties file another status report on December 8, 2026. The Plaintiff respectfully requests that this Court reconsider the issues identified above, schedule a Status Conference at its earliest convenience, require the FBI to process all responsive records within six months and that the parties submit their next status report on or before October 16, 2026, at which time the FBI must also address the status of the specific consultations.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

AND

*/s/ Mark Steven Zaid*
MARK STEVEN ZAID
D.C. Bar #440532
MARK S. ZAID, P.C.
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
202-498-0011
Email: Mark@MarkZaid.com